UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>FRANCISCO GAMALIEL BAHENA, SR.<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:   13-31774<br><br>Chapter:  13<br>Honorable Janet S. Baer |

**ORDER GRANTING MOTION FOR ORDER APPROVING SALE OF
SALE OF STOCK OF MCCOY AUTO PARTS, INC. AND 2317 S. PULASKI, CHICAGO,
ILLINOIS AND 2300 S. SPRINGFIELD, CHICAGO, ILLINOIS**

This matter having come before the Court on the Debtor's Motion for Order (A) Approving the Contract and the Sale of the Property (the "Motion"), with respect to the sale of stock in McCoy Auto Parts, Inc ("the stock")and that certain Real Property commonly known as 2317 S. Pulaski, Chicago, Illinois and 2300 S. Springfield, Chicago, Illinois, (the "real estate"), as more specifically described in the Motion, due Proof of Service of all parties entitled to Notice, the Court being advised, therefore, it is hereby

ORDERED that the relief requested in the Motion is granted, subject in all respects to the terms and conditions contained in this Order; and it is further
ORDERED the notice given of this Motion is sufficient; and it is further
~~ORDERED that the Contract, is hereby approved in its entirety, a copy of which was attached to the~~ Motion and the terms of which are incorporated herein by reference and that the failure specifically to include any particular provisions of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be authorized and ~~approved in its entirety; and it is further~~
ORDERED that the Debtor is authorized and directed to sell the stock and the real estate, including the land as more particularly described in the Contract, the improvements thereon, and all personal property specified in the Contract to Fernando Fernandez pursuant to Section 363(b) of the Bankruptcy Code; and it is further
~~ORDERED that the transfer of the stock and real estate to Fernando Fernandez pursuant to the Contract~~ as approved by this Order (a) is or shall be a legal, valid, and effective transfer of the stock and the real estate; authorized and directed pursuant to the Bankruptcy Code, and (b) vests or shall vest Fernando Fernandez with all right, title, and interest of the Debtor in and to the stock and real estate to the full ~~extent of Section 363 of the Bankruptcy Code; and it is further~~
ORDERED that Debtor is authorized and directed to execute and deliver the documentation and other items constituting Seller's deliveries in accordance with the terms and conditions of the Contract, and to take any and all other actions necessary and appropriate to effectuate the transactions contemplated by the Contract including, without limitation, the execution and delivery of all instruments and documents set forth in the Contract without further order of this Court; and it is further
ORDERED that the sale of the stock and real estate to Fernando Fernandez is authorized to occur on substantially the same terms and conditions set forth in the Contract accepted on May 18, 2015 between the Debtors and Fernando Fernandez, subject to the modifications stated herein, which shall include the following terms and conditions:
  a. The Debtor shall sell the bankruptcy estate's interest in the stock and real estate and other property

subject to the Contract to Fernando Fernandez on an "AS IS, WHERE IS" basis, free and clear of any liens, claims, interests, assessments and encumbrances, pursuant to 11 U.S.C. § 363(provided, that it is agreed that Debtors may transfer the stock and the real estate described in the Contract subject to the Permitted Exceptions described in the Contract, which Permitted Exceptions may have been extinguished pursuant to this Order, but which extinguishment or non-extinguishment is not a condition precedent to Fernando Fernandez's obligation to close under the Contract);

b. Fernando Fernandez shall pay Debtors the sum of Eight Hundred Thousand Dollars ($800,000.00) (the "Purchase Price") to purchase the stock and real estate upon the closing of the transactions under the Contract, subject to adjustments and pro-rations as set forth in the Contract, as follows:

(i) Fernando Fernandez will pay an initial earnest money deposit in the amount of Three Hundred Thousand Dollars ($300,000.00), which amount shall be contributed toward Fernando Fernandez's obligation to pay the Purchase Price under the Contract.

(ii) The balance of the Purchase Price, subject to pro-rations and adjustments as set forth in the Contract, shall be paid pursuant to the Sales Contract and distributed (or caused to be distributed) as set forth in this Order.

c. Upon receipt of the Purchase Price and upon satisfaction of the terms and conditions of the Contract, Debtors shall convey all of its interest in the stock and real estate and other property subject to the Contract to Fernando Fernandez by Deed and shall evidence the conveyance of any personal property to Fernando Fernandez by Bill of Sale, as may be required by the Contract;

d. Upon closing the proceeds after payment of all costs and expenses of sale shall be disbursed first to to Tom Vaughn, Chapter 13 Trustee in the amount of $168,324.62 (the amount of the payoff of the Chapter 13 Plan per letter of Tom Vaughn dated June 17, 2015) and any proceeds remaining shall be disbursed as provided by the Sales Contract (to the Debtor); it is further

ORDERED that the Debtor has (i) full power and authority to execute the Contract and all other documents contemplated thereby and the sale of the stock and real estate, all appropriate action has been taken by the Debtor and no further consents or approvals are required for consummation of the Contract; and it is further

ORDERED that the Debtor is authorized to and shall pay and/or satisfy at closing (and shall cause any title company or other closing agent handling the closing of the transactions under the Sale Contract to pay), from the Purchase Price, in order of priority, (i) closing costs; (ii) any other amounts owed pursuant to any pro-rations required by the Contract; (iii) any and all taxes and outstanding sewer and other utility liens running with the real estate as provided under the Contract; and (iv) the balance of the mortgage liens to Elizabeth J. Flamm Roth IRA, Matthew A. Flamm Roth IRA and Raul Garcia; ~~and (v) any attorney fees due Paul M. Bach up to $5,000.00 (not included in the Court Approved Retention Agreement) and it is further~~

ORDERED that this Court retains jurisdiction to interpret, enforce and implement the terms and provisions of the Contract, including all attachments thereto, all amendments thereto, any waivers and consents thereunder, and of each of the documents executed in connection therewith in all respects, including, but not limited to, retaining such jurisdiction to (a) compel delivery of the stock and real estate to Fernando Fernandez, (b) resolve any disputes arising under or related to the Contract, (c) interpret, implement, and enforce the provisions of this Sale Order, and (d) protect Fernando Fernandez against any Claims against or encumbrances on or in the stock and/or real estate.

Enter:

[signature]

United States Bankruptcy Judge

Dated: 6/18/15

**Prepared by:**

Mr. Paul M. Bach, Esq., Of Counsel
Ms. Penelope N. Bach., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181